01

02

03

04

05

06                         UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
07                                 AT SEATTLE

08  BARON N. HAGHIGHI,                    )    CASE NO. C07-0679-MJP-MAT
                                          )
09          Plaintiff,                    )
                                          )
10      v.                                )    REPORT AND RECOMMENDATION
                                          )
11  LOUIS FRANTZ, et al.,                 )
                                          )
12          Defendants.                   )
    _____ )
13

14          Plaintiff is currently confined in the King County Correctional Facility in Kent,

15  Washington. On May 3, 2007, plaintiff presented to this Court for filing a civil rights complaint

16  under 42 U.S.C. § 1983.  (Dkt. #1).  The complaint listed seven defendants, but the allegations

17  concerned only the conduct of one defendant, a private attorney named Louis Frantz, who had

18  been representing plaintiff recently in criminal proceedings in state court.  Plaintiff contended that

19  his attorney had failed to investigate the charges against him and that his attorney had, in essence,

20  provided ineffective assistance of counsel.

21          On June 9, 2007, the Court issued an Order to Show Cause to plaintiff directing him to

22

REPORT AND RECOMMENDATION
PAGE -1

01  file an amended complaint that cured the deficiencies of the original complaint.[1]  (Dkt. #9).  The

02  Court advised plaintiff that his allegations against his former counsel could not form the basis of

03  a § 1983 action, because a private attorney does not act under color of state law unless the

04  attorney conspires with state officials, and plaintiff had made no such allegations.  *See Tower v.*

05  *Glover*, 467 U.S. 914, 920 (1984).   The Court also advised plaintiff that a claim that his former

06  counsel was ineffective would call into question the lawfulness of plaintiff's conviction or

07  confinement and therefore the claim would not accrue unless and until the conviction or sentence

08  is invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

09        On June 29, 2007, plaintiff filed an amended complaint.  (Dkt. #17).  The amended

10  complaint still suffers from the same deficiencies as the original.  Plaintiff's claims focus solely on

11  his former counsel's conduct and, as mentioned, those claims cannot form the basis of a

12  § 1983 action.  As plaintiff has not stated a cognizable claim for relief in these proceedings, the

13  Court recommends that plaintiff's amended complaint and this action be dismissed, without

14  prejudice, prior to service, for failure to state a claim upon which relief may be granted under

15  § 1915(e)(2)(B)(ii).  The Court further recommends that this dismissal count as a "strike" under

16  28 U.S.C. § 1915(g).  A proposed order accompanies this Report and Recommendation.

17        DATED this 10th day of July, 2007.

18

19                                          Mary Alice Theiler
                                            United States Magistrate Judge
20

_____

21    [1] The Court also directed plaintiff to explain why the original complaint had not listed all of the
    other lawsuits he had filed in federal court.  The Court finds that his response (Dkt. #10) to the
22  Order to Show Cause adequately explains this discrepancy.

REPORT AND RECOMMENDATION
PAGE -2